O’Neall, J.
delivered the opinion of the Court.
This case was before this Court at its last term. The objection that a link in the plaintiff’s chain of title, a deed executed by a femme covert, separated, however, from her husband more than forty years, was then presented. The Court did not think proper to regard it, and ordered the case back for another trial, on the question of location.
Not being present at the last term, I had no other knowledge of the opinion of my brethren than what I could derive from their written judgments. Taking it for granted that the case would have been nonsuited, unless the Court had supposed there was some way in which the apparent defect in the title could be removed, I gave the instruction to the jury, that they might presume, from the great lapse of time, that the Legislature had passed an Act, divorcing Bathsheba from her husband, Robert Worthington; but at the same time I took occasion to say to the jury and all concerned, that this instruction was given, so as to have the question of location properly settled, and to send up the naked question of law to the Court of Appeals, reserving to this occasion my own opinion.
That an Act of the Legislature, after a lapse of twenty years’ possession and use, may be presumed, is, I think, too clear to admit of doubt. Liké a grant, it may be presumed, notwithstanding the public records shew no such thing existed. This, however, is altogether confined to cases in which the Legislature might or might not act. It cannot apply where, from the Constitution or a sort of common law of our own, the Legislature never have, and never will act. Best, in his treatise on Presumptions, sec. 109, p. 145, 37th No. of the Law Library, tells us there is hardly a species of Act or document, public or private, that will not be presumed in support of possession. “Even Acts of Parliament may be thus *11 presumed.” Under this authority, if a divorce ever had taken place, or even could take place, in this State, I would not hesitate to say that an Act for that purpose ought to be presumed, in this case. But, as was said in Boyce v. Owens, 1 Hill, 10, “ The marriage contract, in this State, is regarded as indissoluble by any human means. Nothing short of the actual or presumed death of one of the parties can have the effect of discharging its obligation and legal effect.”
This was my deliberate judgment, pronounced and concurred in by my brethren of the Court of Appeals, Johnson and Harper, nearly fifteen years ago. It has received the entire sanction and acquiesance of the Bench, the Bar, the Legislature, and the people, ever since. The most distressing cases, justifying divorce even upon scriptural grpunds, have been again and again presented to the Legislature, and- ' they have uniformly refused to annul the marriage tie. — • They have nobly adhered to the injunction, “ Those whom" God has joined together, let not man put asunder.” The working of this stern policy has been to the good of the people and the State, in 'every respect.
With this knowledge before us, can an Act granting a divorce a. vinculo matrimonii, be presumed ? Mr. Best, in bis 2d chapter, sec. 61, p. 74, under the maxim “ Omnia pre-sumuntur rite esse acta,” says “ The extent to which Courts of Justice will presume in support of Acts, depends very much on whether they are favored or not by law.” This being, as-I think, the true notion of the application of the maxim, I am clearly of the opinion that an Act granting a divorce can, under no circumstances, be presumed from lapse of time.— No other presumption which could profit the plaintiff in this case, can arise. The deed from Bathsheba Worthington to him being that of a femme covert, it is void; and his title failing, he must, of course, be nonsuited. I regret the result, for it is plain the defendant has no title whatever to the land ;• but however hard may be the case, still the law must have its course. It is mercy to the parties to end the litigation, when it is plain, as it is here, that the plaintiff can never recover. The verdict is, therefore, set aside and a nonsuit ordered.
Richardson, J. Evans, J. Wardlaw, J. Frost, J. and! Withers, J. concurred.

Nonsuit ordm'ed.